WILLIAMS, Judge.
Plaintiff, Brenton Morse, filed suit against Boudreaux Construction Company in First City Court, Parish of Orleans. Plaintiff’s demands arose from alleged defects in a roof constructed by Boudreaux pursuant to a roofing contract. Following trial, the judge entered a judgment in favor of plaintiff and against defendant in the amount of $1310.00 with legal interest, attorney’s fees in the amount of $150.00 and all costs. Defendant appeals.
In July of 1983, plaintiff and defendant entered into a contract whereby defendant was to reroof areas of plaintiff’s house and make other repairs. The job was substantially complete by the end of July and totally completed by September.
In the spring of 1985, plaintiff arranged with another contractor to install a new gutter system on portions of the house. Shortly thereafter, the roof in the carport and patio began to leak. Testimony at trial indicated that there had been no complaints of leaking prior to the installation of the gutters. In April of 1986, a representative of Boudreaux Construction Company inspected the site along with Morse and a consulting engineer following which time certain repairs were attempted by Bou-dreaux. When the repairs were unsuccessful, Morse had another company repair the roof.
At trial, plaintiff provided the court with several photographs of the roof for the purpose of establishing the quality of work done. In answer to the assertion that the leaks were the result of the newly added gutters, plaintiff testified that not all of the leaks were in the gutter area. Gil Chatagnier, Morse’s consulting engineer, gave testimony supporting Morse’s claims. Chatagnier also indicated that there was some deterioration of the roof, acknowledged that the roof was primarily leaking on the edges and stated that the roof was deteriorating particularly “on the area of the flashing around the perimeter of the roof.”
Paddison-Crane was the company which repaired the roof. Mr. Crane testified as to the work done by his company. He testified that his inspection of the roof revealed that the flashing had not been replaced when the new roof was put on as it should have been. He explained the extent of the work done by his company.
Mr. Boudreaux testified on behalf of his company. He stated that when he inspected the roof in 1985 he found that gutters had been installed. He stated that with the installation of the gutters, the contractor pulled up the flashing causing the seams of the flashing to crack, consequently allowing water to seep under the foundation of the roof.
Defendant asserts that the trial court erred in finding defendant liable for the cost of repairing the roof. An appellate court will not disturb the findings of a trial court absent manifest error. We have reviewed the record and find sufficient basis upon which the trial judge could have made his determination. We are compelled, however, to reverse the trial court’s award of attorney’s fees as there is neither a statutory nor a contractual basis for the award.
For the foregoing reasons, the judgment of the trial court is affirmed in part and reversed in part.
REVERSED IN PART; AFFIRMED IN PART.